WILLIAM C. KEELER, DEFENDANT IN ERROR, v. BOARD
OF FREEHOLDERS OF THE COUNTY OF BURLINGTON,
PLAINTIFF IN ERROR.

Submitted December 3, 1909—Decided February 21, 1910.

1. Where there was testimony tending to show that a hole in a
   highway into which a horse had stepped and thereby sustained
   injury, was the result of the neglect to repair the side wall of a
   county bridge, and there was also testimony tending to show that
   the hole had not resulted from the disrepair of the wall of the
   bridge but had been made by muskrats—*Held*, that a jury ques-
   tion was presented and a nonsuit was correctly refused.
2. If the hole in the highway was the result of the lack of repair to
   the bridge wall, then the injury ensuing by reason of the horse
   stepping into the hole brings the case within the scope of "An
   act respecting bridges," approved March 15th, 1860.

On error to the Burlington County Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON
and VOORHEES.

For the defendant in error, *Davis & Davis.*

For the plaintiff in error, *Charles Ewan Merritt* and *V.
Claude Palmer.*

The opinion of the court was delivered by

VOORHEES, J. This is a writ of error to review a judgment
rendered against the board of chosen freeholders in favor of
the plaintiff for injuries to his horse while traveling over the
highway or approach to a bridge maintained by the defendant
in Burlington county. The declaration alleges that the bridge
and approaches had been out of repair for a long time prior to
the injury, of which condition the defendant had been notified.

The only assignment of error requiring examination is that
the court refused to grant a nonsuit.

The action is grounded upon a supplement to the "Act respecting bridges," approved March 15th, 1860 (*Gen. Stat., p.* 307), which has been in *Ripley* v. *Freeholders,* 11 *Vroom* 45, liberally construed to give a remedy for all injuries to persons or property for the safety of which the duty of repairing the particular bridge is by law cast upon the municipal body and holds that such injuries need not occur in the act of passing over such bridge. In the case cited the recovery was for damage to a vessel while passing through the draw of a bridge. This case was afterwards in *Jernee* v. *Monmouth,* 23 *Id.* 553, approved by the Court of Errors and Appeals, but it was stated that the legislative intent was to give a remedy for injury only where of right there is dependence on the bridge for the full and safe performance of its appropriate functions. So in *Maguth* v. *Freeholders of Passaic (Court of Errors and Appeals),* 43 *Id.* 226, the application of the act was confined to giving redress to those who sustain special damage through the neglect of the public duty to erect, rebuild or repair.

A function of the bridge wall was to keep the earth forming an approach to the bridge or part of the highway adjacent thereto in place and solid. If this function was interfered with by negligence of the defendant in failing to repair the wall, then for the resultant injury a right of action arose under the act.

There was evidence to show that the wall of the bridge had practically fallen into the stream and was in bad repair; that the hole into which the horse fell ran from the surface of the traveled highway diagonally to and through the wall of the bridge; that this condition had continued from November to January and the defendants were aware, through notification, of the unsafe condition. There was also testimony contradicting this state of facts and tending to show that the hole had been made by muskrats. It became a question for the jury to determine the true facts from the evidence and which of the two contentions had been established by the weight of evidence. If the hole in the highway was the result of the disrepair of the bridge wall, then the injury ensuing by reason

thereof brings the case within the scope of the .act. The non-
suit was properly refused. The other assignments of error
have been examined and found to be without merit.

The judgment will be affirmed.